[S.·F. No. 15307. In Bank.—April 19, 1935.]

BOLDEMANN CHOCOLATE COMPANY (a Corporation), Respondent, v. EVA PRICE et al., Appellants.

Pillsbury, Madison & Sutro and Halsey & Leo for Petitioners (Appellants).

Philip Barnett and Samuel Vartan for Respondent.

CURTIS, J.—Petition for writ of *supersedeas*. The action was brought to quiet title of plaintiff to a certain policy of insurance in the possession of The Bank of California National Association, and for the possession of said policy. Judgment was rendered in favor of the plaintiff as prayed for and the defendants have appealed from said judgment. The policy had been introduced in evidence in the case and at the date of the judgment was in the custody of the clerk of the court. After judgment the court made its order directing the clerk to release said policy to the plaintiff upon the deposit by the plaintiff of a photostatic copy thereof. Before the order was complied with and while said policy of insurance was in the custody of the clerk of the court as aforesaid the defendants filed their notice of appeal and subsequently filed their petition herein praying for a writ of *supersedeas* directed to said court restraining it from proceeding with the execution of said judgment and of said order for the delivery of said policy of insurance to the plaintiff and that all proceedings upon said judgment and order be stayed until the final determination of said appeal. Upon the filing of said petition the court issued an order to show cause why said writ should not issue, and ordered proceedings in said matter stayed until the final determination of this proceeding. As a result of said last-

named order said policy of insurance is now in the custody of the clerk of said court.

Section 943 of the Code of Civil Procedure provides in part that, "If the judgment or order appealed from direct the assignment or delivery of documents or personal property, the execution of the judgment or order cannot be stayed by appeal, unless the things required to be assigned or delivered be placed in the custody of such officer or receiver as the court may appoint, or unless an undertaking be entered into on the part of the appellant, with at least two sureties, and in such amount as the court, or a judge thereof, may direct, to the effect that the appellant will obey the order of the appellate court upon the appeal."

■ While it is alleged that petitioners, the defendants and appellants in this action offered to give the undertaking required by said section, this allegation is denied by the respondent and in proof of the denial the affidavits of the trial judge and the attorney of respondent have been filed supporting the denial of the respondent. We deem this matter not determinative of any material issue here, as section 946 of the Code of Civil Procedure provides that, "Whenever an appeal is perfected as provided in the preceding sections of this chapter [which includes section 943] it stays all further proceedings in the court below upon the judgment or order appealed from or upon the matters embraced therein."

It will thus be seen that on appeal from the judgment directing the delivery of a document like, for instance, an insurance policy, all the appellant is required to do in order to secure a stay of execution is to serve and file his notice of appeal and deliver said document into the custody of such officer as the court may appoint. In such a case no undertaking is required. The undertaking is only required when the document is not delivered to the custody of the officer. In the present case the insurance policy was at the date of the judgment in the custody of the clerk of the court, having been received in evidence during the trial. While the clerk was not designated by the court as the proper officer in whose custody the document was to be placed, he was the officer usually designated by courts for that purpose, and we do not deem the omission of the court to make such designation fatal to petitioners' application for said writ.

Petitioners have done all in their power and all that is required of them by law in order to entitle them to a stay of execution.

While mention has been made herein of the order of the court directing the clerk to release said policy of insurance to respondent upon the deposit of a photostatic copy thereof, said order is merely ancillary to the judgment. The judgment itself expressly provided that said policy of insurance should be surrendered to plaintiff. If the judgment is stayed the policy of insurance will remain in the custody of the clerk of the court and the subsequent order of the court to release it to the plaintiff upon the filing of a photostatic copy thereof passes out of the case.

In our opinion the petitioners have complied with all the provisions of the sections of the Code of Civil Procedure relating to an appeal from the judgment rendered in said action, entitling them to a stay of said judgment.

Let the writ issue as prayed for.

Thompson, J., Seawell, J., Shenk, J., Preston, J., and Waste, C. J., concurred.